UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID KLEIN, individually and on behalf of
all others similarly situated,

                           Plaintiff                                  **REPORT AND**
                                                                             **RECOMMENDATION**
             -against-                                    19-CV-3941 (SJF) (ARL)

TRANSWORLD SYSTEMS INC.,
                           Defendant.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Plaintiff David Klein, on behalf of himself and all others similarly situated, ("Plaintiff") brings this action against defendant Transworld Systems Inc. ("Defendant"), seeking damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Before the Court, on referral from District Judge Feuerstein, is Defendant's motion for summary judgment pursuant to Federal Rules of Civil Procedure 56. For the reasons stated below, the Court respectfully reports and recommends that the motion be denied, in part, granted, in part.

## BACKGROUND

### A.    Factual Averments

       The following facts are drawn from the parties' Local Rule 56.1(a) Statements and are uncontested unless otherwise noted.

       Plaintiff David Klein is an individual residing in Nassau County, New York and a "consumer" as defined by 15 U.S.C. § 1692a(3). Compl. ¶¶ 5, 17. Defendant is a debt collector licensed by the Department of Consumer Affairs of the City of New York. Declaration of Erik Podbutzky, dated Oct. 22, 2019 ("Podbutzky Dec."), Ex. A.

       On July 24, 2018, Defendant sent Plaintiff a letter attempting to collect on unpaid accounts ("Collection Letter"). *Id.* The letter is attached as Exhibit A to the Podbutzky

Declaration.  Different addresses for Defendant appear on different sections of the letter.  Printed near the top left of the front side of the letter is Plaintiff's name and mailing address, visible through the main envelope window.  *Id*.  Directly above Plaintiff's name and address is Defendant's return mail P.O. Box address, which was visible through the return mail envelope window.  *Id*.  Defendant's full name, Melville, New York office address, and telephone number are on the top right of the letter.  *Id*.  The letter goes on to explain that Plaintiff's creditor placed his accounts with Defendant for collection and notifies him of his right to dispute and demand verification of the debt pursuant to § 1692g by stating, in pertinent part,

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or a copy of the judgment and mail you a copy of such verification or judgment.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id*.  At the bottom of the letter is a detachable payment coupon stating, *inter alia*, "Make Payment To:" and providing Defendant's payment P.O. Box address.  *Id*.  Also printed on the detachable payment coupon is Defendant's full name, Melville, New York office address, and telephone number.  *Id*.  Enclosed with the letter was a window envelope through which Defendant's payment P.O. Box address is visible when the payment coupon is detached from the letter and inserted into the envelope. *Id*.; Podbutzky Dec. ¶ 10.  The three addresses for Defendant listed on the letter are its Melville, New York office address, return mail P.O. Box, and payment P.O. Box.  Defendant never received a dispute from Plaintiff.  Podbutzky Dec. ¶ 15.

Notwithstanding the information provided by Defendant, Plaintiff contends that the collection letter failed to effectively convey his right to dispute and demand

2

verification of the debt pursuant to § 1692g by including three different addresses for Defendant in the body of the letter and failing to identify to which address he should send a written dispute. Compl. ¶¶ 35-102. Additionally, Plaintiff claims the collection letter is misleading because "the required validation notice is contained in running text within the body of the Letter, in the same font size, style and color as the rest of the body of the Letter" and "the Letter does not otherwise direct the consumer's attention to the required validation notice in any way." *Id.* ¶¶ 103-147.

### B. Procedural History

On July 9, 2019, Plaintiff commenced this action, alleging violations of Sections 1692e and 1692g of the FDCPA. ECF No. 1. Defendant answered the complaint on August 22, 2019. ECF No. 7. On November 25, 2019, prior to the close of discovery, Defendant moved for summary judgment with respect to the claims against it. ECF No. 15. In support of it motion for summary judgment Defendant relies upon Defendant's Local Rule 56.1 Statement of Material Facts ("Def. Rule 56.1 Stmt."), Transworld Systems Inc.'s Memorandum Of Law In Support of its Motion For Summary Judgment ("Def. Mem.") and the Declaration of Erik Podbutzky, dated Oct. 22, 2019, attaching as an exhibit the Collection Letter to Plaintiff. Plaintiff opposes the motion and relies upon Plaintiff's Memorandum Of Law In Opposition to Defendant's Motion For Summary Judgment ("Pl. Mem.") and Plaintiffs' Response To Defendants' 56.1 Statement ("Pl. Rule 56.1 Stmt."). By Order dated November 27, 2019, Judge Feuerstein referred the motion for summary judgment to the undersigned for a report and recommendation.

## DISCUSSION

### I. Standard of Law

### A. Summary Judgment

"'Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law.'" *Puglisi v. Town of Hempstead*, No. 10 CV 1928, 2012 WL 4172010, *6 (E.D.N.Y. Sept. 17, 2012) (quoting *In re Blackwood Assocs., L.L.P.,* 153 F.3d 61, 67 (2d Cir. 1998) and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c)). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the opposing party. *See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 129 (2d Cir. 1996), *cert denied*, 520 U.S. 1228 (1997).

The trial court's responsibility is "limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1224 (2d Cir. 1994). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]here must exist 'specific facts showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." *Jamaica Ash & Rubbish v. Ferguson*, 85 F. Supp. 2d 174, 180 (E.D.N.Y. 2000) (quoting *Celotex,* 477 U.S. at 322). A moving party may obtain summary judgment by demonstrating that little or no evidence may be found in support of the non-moving party's case.

"When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999).

### B. Analysis

#### 1. Inclusion of Three Separate Addresses on Collection Letter

In his first cause of action, Plaintiff complains that Defendant failed to effectively convey his right to dispute and demand verification of the debt pursuant to § 1692g by failing to identify which address he should send a written dispute to because "the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights." Compl. ¶¶ 35-89. Similarly, in his second cause of action, Plaintiff alleges that based upon the inclusion of multiple addresses "the Letter is open to more than one reasonable interpretation by the least sophisticated consumer, [and] it violates 15 U.S.C. §§ 1692e and 1692e(10)." Defendant moves for summary judgment on each of these claims because:

(1) "plaintiff's claims fail because TSI would have honored a dispute sent to any of its addresses listed in the July 24, 2018 letter" s*ee* Podbutzky Dec. ¶¶ 11-14;

(2) "plaintiff does not–and cannot–point to a single purportedly false, misleading, or deceptive statement in the letter" (Def. Mem. at 8); and

(3) "even if the debt collector does include confusing or conflicting instructions regarding where to send a dispute, it still does not violate the FDCPA by failing to effectively convey the consumer's right to dispute the debt where, like here, the debt collector encloses with its letter an envelope addressed to an address where the debt collector would receive and honor a dispute" (Def. Mem. at 11).

The FDCPA was enacted to protect consumers from deceptive or harassing practices utilized by debt collectors. *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002). The Act also seeks "to [e]nsure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged." *Iadevaio v. LTD Fin. Servs., L.P.,* No. 17CV4112JFBSIL, 2019 WL 4094922, at *3 (E.D.N.Y. Aug. 29, 2019)(citing 15 U.S.C. § 1692(e)). "To determine whether a debt collector's communication violates the FDCPA, courts apply an objective test based on the understanding of the 'least sophisticated consumer." *Id.* (citing *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir. 1993)). To this end, "courts must analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences.'" *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15 CV 4356 SJF ARL, 2016 WL 6069180, at *3 (E.D.N.Y. Oct. 17, 2016)(citing *Dewees, v Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). By using this standard, courts in this circuit are able "to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Iadevaio* 2019 WL 4094922, at *3.

Pursuant to Section 1692g of the FDCPA, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication . . . send the consumer a written notice containing" certain enumerated information including the name of the creditor to whom the debt is owed. 15 U.S.C.A. § 1692g (West); *McGinty*, 2016 WL 6069180, at *4 (a debt collection letter must contain the name of the creditor to whom the debt is owed and clearly and effectively convey the creditor's role in connection with the debt). Pursuant to Section 1692e of the FDCPA, debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That section includes "a non-exhaustive list of prohibited conduct, including, [for example,] (1) 'the

6

false representation of the character, amount, or legal status of any debt,' and (2) '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Iadevaio*, 2019 WL 4094922, at *4 (internal citations omitted). The Second Circuit also reads a materiality requirement into this prohibition. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018). The materiality requirement functions as "a corollary to the well-established proposition that [i]f a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA]—even if it is false in some technical sense." *Id*. at 85 (brackets in original) (internal quotation and citation omitted).

The crux of Plaintiff's argument, here, is that the listing of three separate address for Defendant on the collection letter is confusing. As indicated above, "[i]n the Second Circuit, when analyzing whether a communication violates the FDCPA, 'courts apply an objective standard based on the 'least sophisticated consumer.'" *Eger v. Sw. Credit Sys.*, L.P., No. 17 CV 819 SJF AYS, 2019 WL 1574802, at *4 (E.D.N.Y. Apr. 11, 2019) (citing *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). "Courts in this Circuit regularly find that the inclusion in a collection letter of two addresses for the same debt collector—one a street address and the other a P.O. box—would not confuse the least sophisticated consumer." *Nunez v. Mercantile Adjustment Bureau, LLC*, 19-CV-02962 (PKC) (ST), 2020 U.S. Dist. LEXIS 85541 at *25 (E.D.N.Y. May 13, 2020) (citing *Gansburg v. Credit Control, LLC*, No. 18-CV-5054 (FB) (ST), 2020 U.S. Dist. LEXIS 33890, 2020 WL 1862928, at *1 (E.D.N.Y. Feb. 27, 2020) (granting summary judgment dismissal of plaintiff's claim that a collection letter's inclusion of multiple addresses violated §§ 1692g and 1692e where "the least sophisticated

7

consumer would know to mail a dispute to the post office box"); *Park v. Forster & Garbus, LLP*, No. 19-CV-3621 (ARR) (ST), 2019 U.S. Dist. LEXIS 196003, 2019 WL 5895703, at *7 (E.D.N.Y. Nov. 12, 2019), at *6 (noting that "the location and context of the addresses in the instant case make clear that the [least sophisticated consumer] should mail his debt disputes to the P.O. Box address"); *Saraci v. Convergent Outsourcing, Inc.*, No. 18-cv-6505 (BMC), 2019 U.S. Dist. LEXIS 36228, 2019 WL 1062098 (E.D.N.Y. Mar. 6, 2019) (finding that a letter with multiple addresses did not violate the FDCPA where its "only reasonable reading suggests that the least sophisticated consumer would know to mail their disputes to defendant's office" at one address)).

Here, however, the collection letter contains three separate addresses and includes no instruction as to where to send disputes. Defendant argues that disputes can be sent to any of the three addresses and has submitted an affidavit from Manager of Regulatory Compliance stating the Defendant's "business practice is to accept and honor written disputes and requests for verification of the account received at any of its addresses listed in its collection letters, including its office address, return mail P.O. Box, and payment P.O. Box. If plaintiff had sent a dispute to TSI's return mail P.O. Box listed on the July 24, 2018 letter, TSI would have accepted and processed the dispute." Podbutzky Dec. ¶¶11, 12. "[T]he Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one." *Berger v. Suburban Credit Corp.*, No. 04 CV 4006, 2006 U.S. Dist. LEXIS 62909, 2006 WL 2570915, at *3 (E.D.N.Y. Sept. 5, 2006) (citing *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237-38 (2d Cir. 1998). Objectively, even if the dispute would be accepted and processed at any of the three

8

addresses, absent some direction as to which address is the appropriate one the least sophisticated consumer may be confused.

However, in order to be actionable, the lack of clarity must be material. *Cohen,* 897 F.3d at 85; *Cicalo v. McCalla Raymer Leibert Pierce*, No. 3:16-cv-339 (SRU), 2017 U.S. Dist. LEXIS 126890, 2017 WL 3444675 (D. Conn. 2017) ("No conceivable consumer interest is furthered by imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it."). Plaintiff relies upon *Pinyuk v. CBE Group, Inc.*, No. 17-CV-5753, 2019 U.S. Dist. LEXIS 71899, 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019) in support of his position that the least sophisticated consumer would be confused by the inclusion of three addresses without clear instructions concerning where to send a dispute. *Pinyuk* was decided in the context of a motion to amend the complaint and the court's analysis was limited to whether the assertion of such a claim would be futile. In *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-CV-5814 (ARR) (RML), 2020 U.S. Dist. LEXIS 43295, 2020 WL 1166449, at *7 (E.D.N.Y. Mar. 11, 2020) the court denied defendant's motion to dismiss but pointed out that

> Discovery may be required to determine if the potential for confusion created by the multiple addresses is material. That is, if it was possible for a consumer to send a dispute to any of the three addresses and have it properly processed, the letter would not be materially misleading. I cannot resolve this factual issue on a motion to dismiss and thus cannot dismiss plaintiffs' first and fourth cause of action.

*Id.*; *see also Becker v. Genesis Financial Services*, No. 06-CV-5037, 2007 U.S. Dist. LEXIS 86152 at *19, 2007 WL 4190473 (E.D. Wash. Nov. 21, 2007) (granting summary judgment in favor of defendants where plaintiff failed to present evidence she attempted to contact defendant and failed to refute evidence that disputes accepted at all addresses listed). Here, on summary

9

judgment, Defendant has presented evidence that it was indeed possible for Plaintiff to send a dispute to any of the three addresses listed and have it processed. Plaintiff argues, however, that summary judgment should not be granted because no discovery has taken place.

Summary judgment may be granted "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). There is no general right to discovery prior to the entry of summary judgment. *See Ali v. City of New York*, No. 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, 2012 WL 3958154, at *3 & n.10 (S.D.N.Y. Sept. 5, 2012) (collecting cases). However, summary judgment should be granted prior to discovery "only in the rarest of cases." *Hellstrom v. U.S. Dep't of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir. 2000). With respect to Defendant's statement that disputes may be mailed to any of the three addresses, Plaintiff responds that "Plaintiff is unable to respond to the foregoing statement at this time insofar as no discovery has taken place in this case yet (and the time to complete discovery has not yet expired). Absent a deposition of the declarant, Plaintiff can neither admit nor deny any facts pertaining to Defendant's purported business practices." Pl. Rule 56.1 Stmt. ¶ 8. The Court agrees that discovery on this issue is appropriate prior to resolution of Defendant's motion for summary judgment.[1]

Accordingly, the undersigned respectfully recommends that Defendant's motion for summary judgment with respect to Counts One and Two be denied at this time, with leave to refile upon the completion of discovery.

      2. **Placement of the Validation Notice on Collection Letter**

---

[1] This applies equally to Defendant's argument regarding its inclusion of an envelope along with the Collection Letter.

Plaintiff also alleges that the Collection Letter is misleading because "the required validation notice is contained in running text within the body of the Letter, in the same font size, style and color as the rest of the body of the Letter" and "the Letter does not otherwise direct the consumer's attention to the required validation notice in any way." Compl. ¶¶ 121, 125.

Section 1692g of the FDCPA requires a debt collector to provide a validation notice to a debtor. *See Vetrano v. CBE Grp., Inc.*, No. CV 15-3185 (JS) (AKT), 2016 U.S. Dist. LEXIS 100396, 2016 WL 4083384, at *5 (E.D.N.Y. Aug. 1, 2016). "The purpose of the validation notice is to protect consumers from 'debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid' by 'inform[ing consumers that they have] certain rights, including the rights to make a written request for verification of the debt and to dispute the validity of debt.'" *Musarra*, 2020 U.S. Dist. LEXIS 43295 at *8 (quoting *Lotito v. Recovery Assocs. Inc.*, No. 13-CV-5833 (SJF)(AKT), 2014 U.S. Dist. LEXIS 131731, 2014 WL 4659464, at *3 (E.D.N.Y. Sept. 17, 2014)). The validation notice must provide the consumer certain specified information about the debt and include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector and a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. *Id*. at *9. The debt collector must convey the information in §1692g to the debtor in a clear and concise fashion. *Id*. A validation notice is not legally sufficient "if that notice is overshadowed or contradicted by other language in communications

11

to the debtor." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). "A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Savino,* 164 F.3d at 85; *see also Jacobson*, 516 F.3d at 90 (noting that a debt collector "has the obligation[] not just to convey the information, but to convey it clearly"); *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty").

Courts in this Circuit have repeatedly rejected the argument that a validation notice is overshadowed by the formatting of disclosures alone, absent contradictory language. *See, e.g., Musarra v. Balanced Healthcare Receivables, LLC,* No. 19-CV-5814 (ARR) (RML), 2020 U.S. Dist. LEXIS 43295, 2020 WL 1166449, at *7 (E.D.N.Y. Mar. 11, 2020) (rejecting plaintiffs' claim that a collection letter's format overshadowed the validation notice where "[t]he collection letter [did] not misdirect the [least sophisticated consumer] away from his validation notice"); *Park v. Forster & Garbus, LLP*, No. 19-CV-3621 (ARR) (ST), 2019 U.S. Dist. LEXIS 196003, 2019 WL 5895703, at *7 (E.D.N.Y. Nov. 12, 2019) ("Nothing in the collection letter, read as a whole, overshadows or contradicts the validation notice. Nor does the formatting of the letter or inclusion of other 'important notices' on the second page render the letter 'deceptive.'"); *Roman v. RGS Fin., Inc.*, No. 17-CV-04917 (ADS) (AKT), 2019 U.S. Dist. LEXIS 152372, 2019 WL 4247551, at *10 (E.D.N.Y. Sept. 6, 2019) (dismissing plaintiff's overshadowing claim where the validation notice was on the back of the collection letter in bold-face type because nothing in the

12

letter contradicted the notice); *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-CV-4356 (SJF) (ARL), 2016 U.S. Dist. LEXIS 143627, 2016 WL 6069180, at *5 (E.D.N.Y. Oct. 17, 2016) (dismissing plaintiffs' overshadowing claim where the collection letters "[did] not contain language that contradict[ed] or [was] otherwise inconsistent with [p]laintiffs' right to demand validation of their debts").

Recently, in *Kucur v. Fin. Recovery Servs.*, 19-CV-5453 (AMD) (VMS), 2020 U.S. Dist. LEXIS 62815 (E.D.N.Y. Apr. 9, 2020), when confronted with the identical argument regarding font type and placement of the validation notice in the body of the letter the Court found "the plaintiff's argument about the validation notice is utterly without merit." *Id*. at *8. The Court noted that the validation notice was the lead off paragraph of the letter and stated that "the least sophisticated consumer still must read the letter in its entirety." *Id.* (citing *Greco*, 412 F.3d at 363 ("[E]ven the least sophisticated consumer can be presumed to possess . . . a willingness to read a collection notice with some care."); *Santora*, 409 F. Supp. 3d at 109 (no overshadowing where the validation notice was on the back of the collection letter) (collecting cases)). Similarly, in *Hochhauser v. Grossman & Karaszewski, PLLC*, No. 19-cv-2468 (ARR) (RML), 2020 U.S. Dist. LEXIS 74548 (E.D.N.Y. Apr. 28, 2020), the court rejected Plaintiff's claim of overshadowing where, as here, the validation notice appeared in the second paragraph of the collection letter, in the same font as the rest of the letter. *Id.* The Court noted it had recently rejected similar claims in *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-cv-5814 (ARR) (RML), 2020 U.S. Dist. LEXIS 43295, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020) and *Park v. Forster & Garbus*, LLP, No. 19-cv-3621 (ARR) (ST), 2019 U.S. Dist. LEXIS 196003, 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019).

Plaintiff's opposition does not address the well settled principle in this District that a validation notice is not overshadowed by the formatting of disclosures alone, absent contradictory language and no contradictory language is identified in the Collection Letter. "As to the placement of the validation notice, claiming that use of the language within the body of the letter is visually inconspicuous is tantamount to accusing Defendants of hiding it in plain sight. Plaintiff has cited no case law to support the proposition that, as a matter of law, providing the validation notice prominently within the body of the collection letter fails to adequately inform a debtor of her rights." *Sturm v. Alpha Recovery Corp.*, No. 19-CV-0556 (SJF) (AYS), 2020 U.S. Dist. LEXIS 40393, 2020 WL 1140425, at *4 (E.D.N.Y. Mar. 6, 2020).

While the Court is aware that no discovery has been undertaken in this matter, "no discovery, however, is necessary where [plaintiffs] cannot establish an essential element of their cause of action or where [plaintiffs] fail to create a material issue of fact." *Crossland Federal Sav. Bank by F.D.I.C. v. 114 East Realty Co.*, 93-CV-2925, 1994 WL 30460, at *4 (S.D.N.Y. Jan. 28, 1994) (citing *Burke v. Bevona*, 931 F.2d 998, 1002 (2d Cir. 1991) (affirming district court's grant of summary judgment prior to discovery because defendant's inability to set forth material elements of his claim rendered discovery immaterial). Here, Plaintiff has not identified any discovery that would bolster his claim.

In light of the weight of the authority cited above, the undersigned respectfully recommends the Defendant's motion for summary judgment with respect to Count III of Plaintiff's complaint be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         July 9, 2020

                                              _____/s_____
                                              ARLENE R. LINDSAY
                                              United States Magistrate Judge