UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID KLEIN, individually and on behalf of all
others similarly situated,

                        Plaintiff,

       -against-

TRANSWORLD SYSTEMS, INC.,

                        Defendant.
------------------------------------------------------------X

**ORDER**
19-CV-3941(SJF)(ARL)

FILED
CLERK
12:51 pm, Sep 23, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

       Pending before the Court are the purported objections of defendant Transworld Systems, Inc. ("defendant" or "TSI") to so much of the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated July 9, 2020 ("the Report"), as recommends that the branches of its motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Counts One and Two of the complaint be denied with leave to renew upon the completion of discovery. For the reasons set forth below, the Report is accepted in its entirety.

I.      Discussion

       A.      Standard of Review

      Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual

1

findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

However, general objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (quotations, alterations and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. Nov. 6, 2014) ("[W]hen a party makes only conclusory or general objections [] the Court will review the Report strictly for clear error.[] Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (quotations, alterations and citation omitted)). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13; *see also Bassett v. Electronic Arts, Inc.*, 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.  Objections

TSI does not object to any particular factual finding or legal conclusion in the Report and expressly does not object "to the Court allowing plaintiff to take the deposition of its declarant regarding TSI's dispute handling practices before the Court rules on Counts I and II of TSI's summary judgment motion." (Obj. at 2). Rather, TSI contends, *inter alia*, that class discovery "is unnecessary to resolve this case," (*id.* at 3), and, thus, that the Court should "withhold ruling on Counts I and II of its summary judgment motion while TSI produces its declarant for a deposition. . . ." (*Id.*).

As TSI proffers no reason for why "the interest of judicial economy," (Obj. at 3), would best be served by deferring a ruling on the motion for summary judgment at this time, as opposed to denying the motion with leave to renew as appropriate, its "objection" is overruled.

Since neither party has made a specific objection that is clearly aimed at a particular finding in the Report, the Report is reviewed only for clear error. There being no clear error on the face of the Report, the Report is accepted in its entirety.

II.  Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, the branch of TSI's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Count III of the complaint is granted and TSI is

granted judgment as a matter of law dismissing Count III of the complaint in its entirety with prejudice, and the motion is otherwise denied with leave to renew upon the completion of discovery. The Court will address the scope and timing of discovery, as well as a briefing schedule for any dispositive motions to be renewed or filed, at the status conference scheduled before the undersigned on September 29, 2020, which is converted to a telephone conference and rescheduled for 11:00 AM. At the designated time, the parties shall call Chambers' teleconferencing number, **(877) 336-1280**, and follow the automated instructions; the access code is: **7215690**.

SO ORDERED.

                                          /s/ *Sandra J. Feuerstein*
                                          Sandra J. Feuerstein
                                          United States District Judge

Dated: September 23, 2020
       Central Islip, New York